***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties were subject to the North Carolina Workers' Compensation Act at all times relevant to this proceeding, the employer employing the requisite number of employees to be bound under the provisions of said Act.
2. Travelers Insurance Company was the carrier on the risk.
3. The Pre-Trial Agreement dated May 29, 2002 which was submitted by the parties is incorporated by reference.
 ***********
At the Full Commission hearing of this matter, defendants objected pursuant to Workers' Compensation Rule 701(3) to plaintiff's counsel being allowed to argue before the Full Commission without having filed a Form 44 Application for Review. In the interest of justice and pursuant to Workers' Compensation Rule 801, the Full Commission OVERRULED defendants' objection.
 ***********
Based upon the evidence of record and findings of fact by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was seventy-six (76) years old at the time of the deputy commissioner hearing of this matter. Plaintiff is a retired brick mason. Until June 2000, plaintiff performed odd jobs to supplement his retirement income. Having previously worked for the City of Clinton, plaintiff would get job referrals from the utilities department there.
2. In June 2000, Simmons Simmons Management (Simmons), a grading contractor, was working on a playground project for the First Baptist Church in Clinton. The project involved underground pipes which had to be connected to the city's utility pipes. An inspector with the city informed the company that the city wanted a junction box to be installed where the pipes were joined to its system. Simmons did not do any brick masonry work, so plaintiff was contacted about doing the job. Plaintiff agreed to build the junction box or catch basin for $40.00 per hour. Plaintiff agreed to provide the labor, necessary tools, and sand for the project. Simmons and the church were to initially provide materials including brick, mortar, and cement. Ultimately, the city reimbursed them for all costs associated with the project, including those for the labor involved.
3. Plaintiff had built catch basins throughout his career and needed no instructions regarding how to build the one in question, except for where it was to be located and how large it was to be. The city specified those factors. David Simmons could not have told plaintiff how to build it since he was not familiar with that type of construction.
4. Plaintiff then went to work with two assistants to build the junction box. On June 8, 2000, plaintiff apparently lost his balance and fell into the hole, striking his head on a metal step. Following the accident, plaintiff was taken to Sampson Regional Medical Center where he was evaluated and then transferred to UNC Hospital in Chapel Hill. At UNC, plaintiff was admitted and treated for a closed head injury, a nondisplaced frontal skull fracture with pneumocephalus, multiple fractures in his sinuses, and facial lacerations. On June 16, 2000, plaintiff was discharged from the hospital and transferred to a rehabilitation facility in Fayetteville. Thereafter, plaintiff's family doctor, Dr. Smith, provided him with follow-up care.
5. Plaintiff's son completed the junction box after the accident in question.
6. At issue in this case is whether plaintiff was an employee of Simmons at the time of the accident. An employment relationship did not exist between the parties on that date for the reasons described. Plaintiff had an independent business at the time of his injury and was not in the regular employ of Simmons, a company which performed no brick masonry work. Plaintiff had years of experience as a brick mason and had to use his independent skill and knowledge in working on the project in question since no one at Simmons could instruct him on how to complete the job. Although plaintiff was paid an hourly rate, the rate included not only his time but also the time of the employees he chose to hire. For this project, plaintiff hired two assistants who were paid by him or by his son for their labor. Plaintiff was responsible for supervising his assistants who did not report to anyone with Simmons. Simmons did not instruct plaintiff regarding the hours to be worked but simply asked him to keep up with his time for purposes of payment.
7. Although plaintiff was seriously injured by accident on June 9, 2000, while working on the project in question, his injury did not arise out of or in the course of an employment relationship with defendant Simmons.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On June 9, 2000 when plaintiff sustained the injury giving rise to this claim, he was not an employee of defendant Simmons and Simmons Management but rather was an independent contractor. Consequently, his injury by accident did not arise out of and in the course of an employment relationship with defendant Simmons. N.C. G.S. § 97-2(1);Hayes v. Board of Trustees of Elon College, 224 N.C. 11 (1944).
2. Plaintiff is not entitled to benefits under the Workers' Compensation Act for his injuries he sustained as result of his fall. N.C.G.S. § 97-2 et seq.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of June 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER